UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-3 JEROME ANDREWS,

    Defendant.
_____/

Case No. 10-cr-20397
Hon. Mark A. Goldsmith

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28
U.S.C. § 2255 (Dkts. 294, 305)**

Defendant Jerome Andrews pleaded guilty to four counts of interference with commerce by robbery, 18 U.S.C. § 1951(a), and four counts of use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). He was sentenced on October 17, 2013, and did not appeal his conviction. Now, he seeks relief under 28 U.S.C. § 2255 in light of the Supreme Court's holdings in Dimaya v. Sessions, 138 S. Ct. 1204 (2018), and Dean v. United States, 137 S. Ct. 1170 (2017). For the reasons that follow, the Court denies Andrews' request.

**I.     BACKGROUND**

On May 21, 2018, Defendant Jerome Andrews filed a letter with the Court, wherein he requested the appointment of an attorney and also referenced the Supreme Court's recent decision in Dimaya, 138 S. Ct. 1204. See 5/21/2018 Request for Appointment of Counsel (Dkt. 294). On June 14, 2018, recognizing that Andrews' request could be characterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, this Court issued an order requiring Andrews to inform the Court whether he would like his filing to be construed as such a motion. See 6/14/2018 Order regarding Defendant's request (Dkt. 298).

1

Andrews subsequently filed a letter stating that he "would like to amend both fillings [sic] as a 28 U.S.C. § 2255 motion." See 8/8/2018 Letter (Dkt. 305). The Court therefore construed his May 21, 2018 filing as a motion for relief under § 2255. The Government then filed a response to the motion (Dkt. 309).

## II. STANDARD OF REVIEW

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 175 F.3d 486, 488 (6th Cir. 1999).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### III.  ANALYSIS

Andrews' filings contain only passing references to Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and Dean v. United States, 137 S. Ct. 1170 (2017). In Dimaya, the Supreme Court analyzed the definition of "aggravated felony" in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43). An "aggravated felony" includes a "crime of violence," as defined in section 16 of title 18, which covers:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The Court in Dimaya held that Section 16(b), the residual clause, was unconstitutionally vague, as it "'requires a court to picture the kind of conduct that the crime involves in the ordinary case, and to judge whether that abstraction presents' some not-well-specified-yet-sufficiently-large degree of risk." 138 S. Ct. at 1216 (quoting Johnson v. United States, 135 S. Ct. 2551, 2556-2557 (2015)).

Andrews' request for relief under Dimaya is presumably based upon the fact that the language in the residual clause is similar to the language used in 18 U.S.C. § 924(c), the statute under which Andrews was sentenced. Section 924(c)(1) punishes those who use or carry a firearm

3

"during and in relation to any crime of violence," which is defined as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In <u>Dean</u>, the defendant was charged with, among other crimes, two counts of robbery and two counts of possessing and aiding and abetting the possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). 137 S. Ct. at 1174. Section 924(c) mandates that its sentence be imposed <u>in addition to</u> the punishment for the predicate crime; a first-time offender receives a five-year mandatory minimum, and a subsequent conviction carries an additional twenty-five-year mandatory minimum. <u>Id.</u> (citing 18 U.S.C. § 924(c)(1)(A)(i), (C)(i)). Dean faced a thirty-year mandatory minimum, in addition to any sentence he received for his other counts of conviction. <u>Id.</u> at 1175.

The district judge sentencing Dean believed that he was required to disregard this mandatory minimum when determining the appropriate sentence for the Dean's other counts of conviction. <u>Id.</u> While the judge believed that thirty years and one day was more than sufficient for Dean's actions, he thought that the other counts, viewed on their own, plainly warranted sentences longer than one day. As such, he sentenced Dean to concurrent sentences of forty months for his non-§ 924(c) convictions, resulting in a total sentence of 400 months.

The Supreme Court reversed, explaining that § 924(c)'s language "simply requires any mandatory minimum under § 924(c) to be imposed 'in addition to' the sentence for the predicate offense, and to run consecutively to that sentence. Nothing in those requirements prevents a

sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." Id. at 1178. Andrews argues that Dean "gives the judge [the] option to convert all of my 924(c) charges into one combined count instead of four." 8/8/2018 Letter at 1 (Dkt. 305).

The Government contends that neither of these cases affords Andrews relief, because (1) Andrews' motion is untimely; (2) the motion is procedurally defaulted; (3) Andrews waived his claims by failing to develop them; (4) Dimaya does not apply to 18 U.S.C. § 924(c); (5) even if Dimaya did apply, Hobbs Act robbery qualifies as a predicate crime of violence under the elements clause of § 924(c); and (6) Dean is a non-retroactive procedural rule. See generally Gov't Resp.

Regardless of issues regarding the timeliness of his motion and whether it is procedurally defaulted, the Court agrees with the Government that Dimaya does not help Andrews.[1] While it is an open question as to whether Dimaya extends to § 924(c) in this circuit, see United States v. Richardson, 906 F.3d 417, 425 (6th Cir. 2018) (noting that the Fifth, Tenth, and D.C. Circuits have interpreted Dimaya to mean that § 924(c)'s residual clause is unconstitutionally vague, but leaving the question "to another day"), Andrews' conviction for Hobbs Act robbery is still a crime of violence pursuant to § 924(c)(3)(A). The Sixth Circuit has joined the Third, Seventh, Eighth, Ninth, Eleventh Circuits "in ruling that Hobbs Act robbery constitutes a crime of violence" under § 924(c)(3)(A). United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017). Indeed, the Sixth Circuit has explicitly stated that aiding and abetting Hobbs Act robbery satisfies the force clause. Richardson, 906 F.3d at 426.

---

[1] See Pough v. United States, 442 F.3d 959, 965 (6th Cir. 2006) (holding that a district court can avoid a statute-of-limitations question if it would be easier to simply deny relief on the merits).

5

Nor does Dean provide Andrews relief. Dean concerned the district court's discretion in imposing a sentence for a predicate offense, not in imposing the sentence under § 924(c), as Andrews claims. And "every federal court that has ruled on this issue has held that Dean does not announce a new rule of law that was made retroactive to cases on collateral review." United States v. Harper, No. 11-20188, 2018 WL 783100, at *3 (E.D. Mich. Feb. 8, 2018); accord Simmons v. Terris, No. 17-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017) ("[T]here is nothing in the Supreme Court's opinion in Dean to suggest that the holding is to be applied retroactively to cases on collateral review."); see also United States v. Thornbrugh, No. 89-0067, 2017 WL 3976295, at *2 (N.D. Okla. Sept. 8, 2017) ("Even if Dean did apply retroactively, Dean does not state a mandatory rule that would entitle defendant to a sentencing reduction, and Dean simply reaffirms the clearly established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of statutory mandatory minimum sentence."). Andrews cannot bring such a claim nearly five years after his conviction became final. See 28 U.S.C. § 2255(f)(3) (providing that a § 2255 claim may be asserted within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

Thus, as neither Dimaya nor Dean provides relief to Andrews under § 2255, his motion is denied.

## IV. CERTIFICATE OF APPEALABILITY

Because Andrews' claims for relief lack merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have

been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Andrews a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## V. CONCLUSION

For the reasons provided, Andrews' motion for relief pursuant to 28 U.S.C. § 2255 (Dkts. 294, 305) is denied.

SO ORDERED.

Dated: May 28, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2019.

s/Karri Sandusky  
Case Manager